UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL McMILLAN,

    Plaintiff,

v.

ROBERT POTTER and UNITED FOOD &
COMMERCIAL WORKERS, LOCAL 951,

    Defendants.

Case No. 1:04-CV-836

Hon. Richard Alan Enslen

**OPINION**

    This matter is before the Court on Defendants Robert Potter and United Food and Commercial Workers, Local 951's ("Union") Motion for Reconsideration of the Court's July 17, 2006 decision granting in part and denying in part their request for summary judgment. To prevail on the instant Motion, Defendants must not only demonstrate that the Court's decision suffers from a palpable defect, but must also show that a different result is manifest. W.D. MICH. LCIVR 7.4(a). "[M]otions for reconsideration that merely present the same issues ruled upon by the Court shall not be granted." *Id.*

    Specifically, Defendants have requested the Court reconsider its decision concerning Count III of Plaintiff's Complaint, where Plaintiff alleged Defendants improperly removed him from his Union Recorder office. In its decision to deny Defendants' Motion for Summary on Count III, the Court outlined Defendants' argument as this:

> Plaintiff voluntarily terminated his employment with the Union when he abandoned his assignment in North Carolina; the Union's constitution requires Union officers to either be a member of the Union or a Union employee; by virtue of no longer being employed at the Union (and not otherwise a member of the Union), Plaintiff was no longer eligible to hold Union office; and, since Plaintiff's office was now vacant, the Union was required to fill it by an executive board vote.

*McMillan v. Potter*, No. 1:04-CV-836, 2006 WL 2022527, at *7 (W.D. Mich. July 17, 2006). The Court rejected Defendants' theory because Plaintiff never conceded he voluntarily terminated his employment. *Id.*; (*see also* Pl.'s Resp., Ex. 15). By virtue of construing Plaintiff's behavior as voluntary termination, Defendants considered Plaintiff to be in violation of the Union's constitutional requirement that Union officers either be a member of the Union or a Union employee. However, according to the Union's constitution, any member accused of violating its terms is entitled to due process. In this case, Plaintiff was afforded no process, as required by the Union constitution, and the Court found summary judgment inappropriate.

Defendants' primary basis for reconsideration is their belief that there is no evidence Defendants claimed Plaintiff violated the Union's constitution. As is clearly noted above, this argument need not detain the Court long. Defendants repeatedly represented to this Court that the Union's constitution requires its officers to either be members of the Union or Union employees. Plaintiff was a Union employee and when Defendant Potter considered his Union employment voluntarily terminated, Defendant Potter believed he was free to declare Plaintiff's office vacant because "McMillan Was Ineligible to Continue As Recorder" under the Union constitution. (Def.'s Br. in Supp. of Summ. J. at 20). The constitutional violation Defendants charged against Plaintiff is no longer being employed by the Union. Plaintiff never considered himself to have voluntarily terminated his service, and consequently, never considered himself ineligible for Union office.[1] The

---

[1] Defendants' belief that Plaintiff was automatically ineligible for Union office because he stopped paying Union member dues is irrelevant. Plaintiff still considered himself employed by the Union, and therefore, eligible for Union office regardless of whether he paid dues.

Court will deny Defendants' Motion for Reconsideration on this ground.[2]

Defendants also suggest that the Court is without jurisdiction to hear complaints by a union member that his union violated its constitution. Defendants' belief is erroneous. The Labor-Management Relations Act ("LMRA") states in pertinent part that:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). It is the phrase "between any such labor organizations" that affords Plaintiff his cause of action. In this regard, the Supreme Court held that when union members allege that a labor organization violated its international constitution—which is a contract between the international and local union—he has "charged a violation of a contract between two unions within the meaning of [section 185(a)]." *Wooddell v. Int'l Bhd. of Elec. Workers, Local 71*, 502 U.S. 93, 100 (1991); *Tisdale v. United Ass'n of Journeyman & Apprentices of Plumbing & Pipefitting Indus. of U.S. and Canada, Local 704*, 25 F.3d 1308, 1310 (6th Cir. 1994) ("It is now clear that an individual union member may bring a suit under § 301 against a union to enforce a union constitution.").

In this case, it cannot be disputed that "[t]he UFCW Constitution is a contract between Local [951] and the International Union[,]" *United Food & Commercial Workers v. United Food & Commercial Workers Int'l Union*, 301 F.3d 468, 478 (6th Cir. 2002) (citing *Wooddell*, 502 U.S. at 99), and although Plaintiff titled his claim as accruing under the Labor-Management Reporting Act, 29 U.S.C. §§ 401-531, Defendants were certainly aware of the alleged constitutional violation.

---

[2] Defendants also assert a second ground for reconsideration; however, the latter ground is premised upon the erroneous belief that Defendants did not claim Plaintiff violated the Union's constitution.

Plaintiff averred Defendants "Potter and [the Union], ***without authorization under*** the By-Laws of Local 951 or the ***International Constitution of UFCW***, unilaterally removed McMillan from the Office of Recorder and discontinued his compensation for his occupancy of that office." (Pl.'s Compl. ¶ 43) (emphasis supplied). Accordingly, the Court believes Plaintiff can—and has—asserted a cause of action under 29 U.S.C. § 185(a) against Defendants for improperly removing him from his Union office. Therefore, the Court will deny Defendants Robert Potter and United Food and Commercial Worker's, Local 951's Motion for Reconsideration. An Order consistent with this Opinion shall enter.

DATED in Kalamazoo, MI:  
    August 4, 2006

       /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE